*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, MIZER, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jonathan C. RAINES**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202400044**

_____

Decided: 3 October 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Cory Picton (trial)
Derek Poteet (post-trial)

Sentence adjudged 27 June 2023 by a general court-martial tried at Marine Corps Air Station Yuma, Arizona, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 18 months, and a bad-conduct discharge.

For Appellant:
*Kimberly Hinson*


For Appellee:
*Lieutenant Michael Tuosto, JAGC, USN*

Judge MIZER delivered the opinion of the Court, in which Senior Judge Kisor and Judge Harrell joined.

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

MIZER, Judge:

A military judge, sitting alone, convicted Appellant, in accordance with his pleas, of possession and receipt of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ).[1] We have jurisdiction to review this case under Article 66(b)(3), UCMJ.[2] Appellant asserts two assignments of error: (1) whether his constitutional right to speedy post-trial processing was violated; and (2) whether he was prejudiced by trial counsel's improper sentencing argument. We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant met one of his victims, A.K., in the online-gaming platform Discord when she was thirteen. They met in a virtual room dedicated to the discussion of Minecraft.[3] According to the stipulation of fact, they quickly entered into a "secret relationship."

Several years later, when she was sixteen, A.K. twice sent Appellant nude images of herself using Discord. She sent Appellant a total of seven additional

---

[1] 10 U.S.C. § 934.

[2] 10 U.S.C. § 866(b)(3).

[3] Minecraft is a popular video game in which players place and break apart three dimensional blocks that represent different materials (wood, dirt, water, and stone). The purpose of the game is to build, explore, and survive (if the survival mode is chosen). Users also have the option to play together in a multiplayer system, which connects multiple payers on a user-owned server, where users can interact and communicate in a single world. *See* Melinda Schlinsog*, Endermen, Creepers, & Copyright: The Bogeymen of User-Generated Content in Minecraft,* 16 Tul. J. Tech. & Intell. Prop. 185, 187-188 (2013).

videos of herself—child pornography—on two occasions in the summer of 2021, just after her seventeenth birthday.

Three weeks after A.K. last sent Appellant child pornography, his second victim, M.K., to whom he was then married, gave birth to Appellant's daughter. M.K. was twenty-years-old at the time of her daughter's birth. But their relationship began years earlier in the same game, Minecraft, when she was sixteen. And shortly after her seventeenth birthday in 2018, she also sent Appellant child pornography. She sent Appellant more child pornography in 2019, sending the last of several videos just days before her eighteenth birthday.

New baby or not, Appellant's seventeen-year-old girlfriend demanded that he leave his wife or she would tell her about their relationship. Shortly after Thanksgiving in 2021, she made good on that threat. Before doing that, however, she repeatedly called the National Center for Missing and Exploited Children's CyberTipline and told them Appellant was in possession of the images and videos—child pornography—she previously sent Appellant. This case followed.

## II. DISCUSSION

As long as a Court of Criminal Appeals considers every issue raised by an appellant, this Court may resolve a case with a single sentence.[4] And here it is enough to say that Appellant has failed to establish the prejudice required to prevail on either of the issues before the Court.[5]

Our decision should not be read as an endorsement of the post-trial processing of this case. We note that 221 days elapsed between the announcement of sentence and the Entry of Judgment. And while we accept the Government's explanation for some of the delay below, such as the need for a second military judge to conduct a post-trial Article 39(a), UCMJ, session, it should not have taken 240 days to docket the 471-page record of trial with the Court.[6]

---

[4] *United States v. Guinn,* 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987)).

[5] We have conducted the analysis required by *United States v. Moreno,* 63 M.J. 129 (C.A.A.F. 2006), and are cognizant that no single factor is required to find that post-trial delay constitutes a due process violation. But after weighing the *Moreno* factors, we find no due process violation in this case.

[6] The transcript of the court-martial is just 170 pages.

To illustrate this point, we note that "in late 1860, the short-lived but nationally famous Pony Express hit full stride."[7] Using relays of horses stationed twenty-five miles apart, a package could travel from Saint Joseph, Missouri to San Francisco, California in just eight days.[8] While we will not require post-trial processing to move at the speed of the precursor to the telegraph, the Government must do better than it did here.[9]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, the findings and sentence are **AFFIRMED**.[10]

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[7] *See generally, Ortiz v. Randstad Inhouse Servs., LLC*, 95 F.4th 1152, 1162 (9th Cir. 2024).

[8] *See generally, State ex rel. Helm v. Trego County Co-op. Tel. Co.*, 112 Kan. 701, 704 (Kan. 1923).

[9] Although not raised by Appellant, we have also considered whether the adjudged sentence should be approved pursuant to *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

[10] 10 U.S.C. §§ 859; 866(b)(3).